**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**MOBILE DIVISION**

| | | |
|---|---|---|
| **SPENCER HENRY WADE,** | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION NO.:** |
| | ) | **1:22-cv-00201** |
| v. | ) | |
| | ) | |
| **RHOMBUS SERVICES, LLC, d/b/a** | ) | **JURY DEMAND** |
| **LEGACY RETAIL SERVICES,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**COMPLAINT**

### I.    INTRODUCTION

1.    This is an action for declaratory judgment, equitable relief, and money damages, instituted to secure the protection of and to redress the deprivation of rights secured under 42 U.S.C. § 1981 which provides for relief against discrimination in employment on the basis of race and for unlawful retaliation related thereto. The Plaintiff seeks compensatory and punitive damages, and requests a jury trial pursuant to 42 U.S.C. § 1981a.

### II.    JURISDICTION AND VENUE

2.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 1343(4); 28 U.S.C. §§ 2201 and 2202.

3.    Venue is proper in, and the Defendant is subject to the personal jurisdiction of, this Court because the Defendant maintains facilities and/or business operations in this District, and all or most of the events giving rise to this action occurred in this District. 28 U.S.C. § 1391(b).

**III.    PARTIES**

4.     Plaintiff, Henry Wade (hereinafter "Wade" or "Plaintiff"), is a Caucasian male citizen of the United States, and a resident of Clarke County of the State of Alabama. Plaintiff was formerly employed by the Defendant working out of his home base in Clarke County, Alabama.

5.     Defendant, Rhombus Services, LLC, d/b/a Legacy Retail Services (hereinafter "Legacy" or "Defendant"), is a New Jersey based company conducting business within the Southern District of Alabama. Legacy is an employer engaged in interstate commerce and was the employer of the Plaintiff.

6.     Legacy Services is a licensed general contractor that acts as a single-point of contact, providing facility services and solutions for multi-site commercial clients across the United States and Canada, including within Mobile County, Alabama.

**IV.    FACTS AND CLAIMS**

7.     Plaintiff is a white male.

8.     Plaintiff began working for the Defendant on or about January 6, 2019, performing Traveling Merchandiser/Installer work for retail stores such as Dollar General and others in the southeastern United States and within the Southern District of Alabama.

9.     Plaintiff remained employed with the Defendant performing work in the southeast and in the Southern District of Alabama until he was unlawfully removed from the work schedule and effectively terminated on or about April 22, 2020.

10.    Throughout the relevant time period the Defendant continued performing contract work for Dollar General retail stores and other entities throughout the southeast and including within the Mobile County and within the Southern District of Alabama.

11. Typically the Defendant sent seven teams or crews consisting of 12-14 employees per team out to various Doller General stores in Alabama, Mississippi, Louisiana, Texas, and Missouri. Once a Team was placed in a store their job consisted of "filling"—moving products from one section of the store to another.

12. Plaintiff worked out of his Clarke County, Alabama, home as a Team crew member for the Defendant.

13. The Plaintiff received his work assignments at his home via email communications from the Defendant.

14. Upon receiving an assignment, the Plaintiff would drive himself to the assigned location to begin work.

15. Defendant provided Plaintiff both a paid salary as well as per diem travel pay for his travel to the assigned worksites from his home in Clarke County, Alabama.

16. In 2020, the Plaintiff's Field Supervisor was Brianna Cobb (African-American female). Cobb supervised approximately seven Teams.

17. Cobb resided in Georgia and also travelled to the various worksites assigned by the Defendant, including those in Mobile County, Alabama.

18. The Plaintiff's entire team/crew was African-American except for himself and Dominic Naverez (white male).

19. Supervisor Cobb was highly critical of the Plaintiff and subjected him to stricter, unwarranted scrutiny and higher standards than his African-American co-workers.

20. Supervisor Cobb made it clear to her team that she wanted to replace her white crew members, including Plaintiff, with black employees.

21. Dominic Naverez (white male) was also subject to such disparate treatment, was unjustly criticized, and removed from the work schedule by Cobb.

22. While Plaintiff was employed under Cobb's supervision in 2020, Cobb made the following social media posts blatantly stating her intention and goals to favor and only have African-American employees on her crew as part of a black "Takeover," of Legacy:





23. On April 9, 2020, the Plaintiff complained from his Clarke County home of race discrimination by sending Steve Mazza (Director of Operations, Corporate Office)(Caucasian) a text message requesting to talk to him about race discrimination.

24. In this text the Plaintiff informed Mazza that since the first wave of the season he felt like he was being targeted by his supervisor to be terminated because he is white and not one

of Cobb's "MY" people—African American. Plaintiff also informed Mazza that he was one of only two (2) white employees on his team and felt that his race—white--made him a target.

25. The Plaintiff never received any response from Mazza or anyone else with the company addressing or inquiring further into his complaint of race discrimination.

26. Plaintiff only worked for the Defendant one (1) more week following his complaint to Mazza about race discrimination.

27. Thereafter the Plaintiff tried to access his work schedule assignments from his Clarke County home and learned that he had been removed from the work schedule for the week of April 22, 2020, with no explanation.

28. Plaintiff was never placed back on the work schedule and no more work assignments were sent by the Defendant to his Clarke County home.

29. In April 2020, Plaintiff reached out from his Clarke County home to Melissa Pagan, (Project Assistant, Corporate Office)(African-American) inquiring about why he had been removed from the work schedule.

30. Pagan informed the Plaintiff that he had just been "left out" of the schedule with no explanation and stated that she would keep him on standby for any work that week. Pagan then closed her communication by threatening the Plaintiff with termination.

31. On or about April 23, 2020, Plaintiff made a complaint of retaliation to the Defendant from his Clarke County, home. He complained to Mazza that he felt he had been left off of the schedule and threatened with termination in retaliation for his prior complaint about race discrimination.

32. Mazza replied to Plaintiff that he would "check on it," but the Plaintiff received no response to his complaints, he was never placed back on the schedule, and he received no further assignments from the Defendant.

33. The Plaintiff was effectively terminated by the Defendant.

34. To the Plaintiff's knowledge no investigative or corrective action had been taken by the Defendant in response to his complaints of race discrimination and/or of retaliation.

36. Plaintiff is aware of other crew members also based out of south Alabama who continued to work for Legacy. These crew members, however, were African-American and had not made complaints of discrimination or retaliation.

37. Plaintiff is aware that these crew members continued to receive and to work assignments located in Mobile County and in south Alabama.

38. Had the Plaintiff not been terminated he would have continued to work out of his home location in Clarke County, Alabama, and would have also continued to receive and perform work assignments located in the southeast, including Mobile County and south Alabama.

39. The Plaintiff was discriminated against on the basis of his race, Caucasian, by being subjected to disparate treatment, and by being removed from the work schedule, by being denied work assignments, and by having his employment terminated.

40. The Plaintiff was also subjected to unlawful retaliation for making good faith complaints of race discrimination and/or of retaliation by being threatened with termination, being subjected to unwarranted permanent removal from the work schedule, by being denied work assignments, and by having his employment terminated.

41. This conduct was intentional, willful, malicious, and in reckless indifference to the Plaintiff's federally protected rights.

42. As the result of the Defendant's conduct the Plaintiff was deprived of income and other employment benefits due him. He also suffered embarrassment, humiliation, inconvenience, and mental distress. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, backpay, front pay, an injunction, and compensatory and punitive damages is his only means of securing adequate relief.

43. Plaintiff is suffering and will continue to suffer irreparable injury from the Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

44. These impacts of the unlawful actions by the Defendant were felt in and continue to have impact in the Plaintiff's residence in Clarke County, Alabama.

## COUNT I - RACIAL DISCRIMINATION
## IN VIOLATION OF 42 U.S.C. §1981

45. The Plaintiff realleges and incorporates by reference paragraphs 4-44 above with the same force and effect as if fully set out in specific detail hereinbelow.

46. As set out in detail above, the Defendant intentionally and maliciously discriminated against the Plaintiff by subjecting him to stricter scrutiny and disparate treatment than similarly situated African-American employees, by removing him from the work schedule, by withholding future work assignments, and by terminating his employment because of the Plaintiff's race.

47. But for the Plaintiff's race, Caucasian, he would not have suffered each of the discriminatory employment actions set out above.

48. All acts of race discrimination were done willfully and with malicious and reckless disregard for the rights of the Plaintiff.

49. The Defendant is liable under 42 U.S.C. §1981 for such discrimination because it knew or should have known of the racial discrimination and condoned, ratified, and otherwise allowed the racially discriminatory behavior to continue.

50. Plaintiff suffered damages as a proximate result of these violations, which were caused by the Defendant's policy or custom to allow racial discrimination, and/or by the defendant's failure to adequately train or to otherwise prevent or remedy racial discrimination which was caused by the Defendant's deliberate indifference to the Plaintiff's federally protected rights and/or by deliberate indifference to those violations.

51. The Defendant thus has violated the proscriptions against race discrimination under 42 U.S.C. § 1981.

52. As the result of the Defendant's conduct the Plaintiff was deprived of income and other benefits due him. Plaintiff also suffered embarrassment, humiliation, inconvenience, and mental distress.

53. Plaintiff is suffering and will continue to suffer irreparable injury from the Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

54. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, backpay, front pay, an injunction, and compensatory and punitive damages is his only means of securing adequate relief.

## COUNT II - RETALIATION IN VIOLATION OF 42 U.S.C. §1981

55. The Plaintiff re-alleges and incorporates by reference paragraphs 4-44 above with the same force and effect as if fully set out in specific detail hereinbelow.

56. As set out above, The Plaintiff made good faith and reasonable complaints opposing race discrimination based on his race, Caucasian.

57. Approximately one (1) week thereafter the Plaintiff was retaliated against because of his opposition to discrimination by being removed from the next published work schedule, by being denied future work assignments, by being threatened with termination, and by the termination of his employment.

58. As set out above, the Plaintiff also made good faith complaints opposing unlawful retaliation related to his complaint of race discrimination.

59. Thereafter the Plaintiff was further retaliated against because of his opposition to retaliation by being permanently removed from the work schedule and by being denied future work assignments, effectively terminating his employment.

60. Said retaliation was done maliciously, willfully, and with reckless disregard for the rights of the Plaintiff.

61. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunction relief, and compensatory and punitive damages is his only means of securing adequate relief.

62. Plaintiff is now suffering, and will continue to suffer irreparable injury from the Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## V.  PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant are violative of the rights of the Plaintiff, as secured by 42 U.S.C. § 1981.

2. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate 42 U.S.C. § 1981.

3. Grant the Plaintiff an order requiring the Defendant to make him whole by awarding him reinstatement into the position he would have occupied in the absence of racial discrimination and/or retaliation by the Defendant with the same seniority, leave and other benefits of the position (or front pay), back pay (with interest), and by awarding Plaintiff compensatory, punitive, and/or nominal damages.

4. The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

Respectfully submitted,

*s/ Temple D. Trueblood*
Temple D. Trueblood (TRUE0355)
Counsel for Plaintiff

OF COUNSEL:
WIGGINS, CHILDS, PANTAZIS, FISHER & GOLDFARB,3 L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama  35203
(205) 314-0500

CO-COUNSEL:
Henry Brewster (BREWH7737)
Henry Brewster, LLC
205 N. Conception Street
Mobile, AL 36603
(251) 338-0630

**THE PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE TO A JURY.**

                                                *s/ Temple D. Trueblood*
                                                OF COUNSEL

**Plaintiff requests this Honorable Court to serve via certified mail upon each of the named Defendants the following : Summons, Complaint.**

**Defendant's Address:**
Rhombus Services, LLC, d/b/a Legacy Retail Services
c/o Registered Agent
National Registered Agents, Inc.
150 S. Perry Street
Montgomery, AL 36104

                                                *s/ Temple D. Trueblood*
                                                OF COUNSEL